**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – X

                                      :

**LEROY GARCIA,**                          :

                  Plaintiff     :

                               :         Case No.

               -against-        :        **<u>COMPLAINT</u>**

**THE CITY OF NEW YORK, NEW YORK**  :
**CITY POLICE DEPARTMENT, RETIRED**
**OFFICER ADAM MALKI, POLICE**
**OFFICER JOHN DOE 1–5, POLICE**
**OFFICER JANE DOE 1–5, SUPERVISING**
**NYPD OFFICERS JOHN AND JANE DOE**
**6–10**, and other unidentified NYPD personnel,
Defendants.

                                       :

– – – – – – – – – – – – – – – – – – – – – – – – – – – X

## PRELIMINARY STATEMENT

1. This civil-rights action arises under 42 U.S.C. §§ 1983 and 1988, Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), New York Executive Law § 296, and the New York City Human Rights Law.

2. Plaintiff Leroy Garcia, a decorated U.S. Navy veteran, husband, father, and entrepreneur, seeks redress for his false arrest, malicious prosecution, conspiracy, abuse of process, and deprivation of due process by the Defendants.

3. Mr. Garcia honorably served the United States Navy, defending the very Constitution later violated by those sworn to uphold it.

4.  On or about March 5, 2024, Defendants -- acting under color of law -- wrongfully arrested and prosecuted him based on fabricated accusations by Retired NYPD Officer Adam Malki.

5.  As a result, Plaintiff's business, *Karma Sutra NYC* (earning $50,000–$70,000 per month), was destroyed, and he suffered severe emotional, reputational, and financial harm.

## JURISDICTION AND VENUE

6.  Jurisdiction lies under 28 U.S.C. §§ 1331, 1343, and 1367.

7.  Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in this District.

## PARTIES

8.  Plaintiff Leroy Garcia resides in Jersey City, New Jersey; he is a Navy veteran and former owner of *Karma Sutra NYC* in New York City.

9.  Defendant City of New York is a municipal corporation responsible for the policies and customs of the New York City Police Department ("NYPD").

10. Defendant NYPD is an agency of the City.

11. Defendant Retired Officer Adam Malki is a former NYPD officer who, upon information and belief, was forced to retire following disciplinary and criminal misconduct.

12. Defendant Officers John and Jane Does 1–5 participated in Plaintiff's unlawful arrest and prosecution.

13. Defendant Supervising Officers John and Jane Does 6–10 approved, directed, or failed to prevent the unconstitutional acts described herein; their identities will be substituted once known.

## JURY DEMAND

14. Plaintiffs demand a trial by jury in this action on each and every one of their claims.

## PROCEDURAL COMPLIANCE

15. Plaintiff complied with New York General Municipal Law § 50-e by serving a Notice of Claim on December 13, 2024. More than 90 days have elapsed without adjustment or payment.

## FACTUAL ALLEGATIONS

16. On March 5, 2024, Defendant Malki filed a false report claiming Plaintiff stole his retired police ID.

17. Based solely on this fabrication, NYPD officers arrested Plaintiff without probable cause.

18. Plaintiff, an honorably discharged veteran, was forced to hire counsel and surrender himself.

19. All charges were dismissed outright, confirming the absence of probable cause. (See Exhibit 1, a true and accurate copy of the Certificate of Disposition).

20. The arrest and prosecution ruined Plaintiff's reputation and forced *Karma Sutra NYC* to close permanently in January 2025.

21. Defendant Malki's prior misconduct was well-known: in *People v. Malki*, 2017 NY Slip Op 27243 (Crim. Ct. Bronx Cty.), he was charged with Official Misconduct for leaking confidential investigation details to a romantic partner[1]; see also TOTPI (May 24 2016) and *50-a.org*.

---

[1] Cop Arrested For Allegedly Leaking Investigation Info To Gang-Affiliated Girlfriend – Gothamist available online at: https://gothamist.com/news/cop-arrested-for-allegedly-leaking-investigation-info-to-gang-affiliated-girlfriend (last visited October 31, 2025); see also; NYPD officer arrested for leaking criminal probe details to woman he was

3

22. The City and NYPD were on notice of Malki's dishonesty and abuse of authority yet failed to monitor him.

23. Supervising officers approved or ratified the arrest despite clear evidence of fabrication.

24. Defendants acted jointly and under color of state law to deprive Plaintiff of his rights.

25. Upon information and belief, one or more Supervising NYPD Officers (John and Jane Does 6–10) reviewed, approved, or ratified Plaintiff's arrest despite obvious inconsistencies. They were personally involved through their approval of paperwork, failure to investigate, and failure to intervene, thereby incurring liability under *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).

### FIRST CAUSE OF ACTION
**False Arrest**
**42 U.S.C. § 1983 and Fifth and Fourteenth Amendments**

26. Plaintiff repeats and realleges by reference paragraphs 1 through 25 as if fully set forth herein.

27. Defendants arrested Plaintiff without probable cause, depriving him of liberty.

28. The acts of the Defendant, through its agents under color of state law, in arresting Plaintiff, were malicious, undertaken without lawful justification, taken with deliberate to Plaintiff's right, and were designed to, and did, cause specific harm to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

---

dating – New York Daily News available online at https://www.nydailynews.com/2016/05/24/nypd-officer-arrested-for-leaking-criminal-probe-details-to-woman-he-was-dating/ (last visited October 31, 2025).

29.  As a consequence of the Defendant's actions, the Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by the Defendants.

30. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including: physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## SECOND CAUSE OF ACTION
### Unreasonable Search and Seizure
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments

31. Plaintiff repeats and realleges by reference paragraphs 1 through 30 as if fully set forth herein.

32. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendant is liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

33. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including: physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## THIRD CAUSE OF ACTION
### Malicious Prosecution
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments

34. Plaintiff repeats and realleges by reference paragraphs 1 through 33 as if fully set forth herein.

35. By their conduct, as described herein, and acting under color of state law, Defendants are liable to the Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

36. Defendant's unlawful actions were done willfully, knowingly, with malice and with specific intent to deprive the Plaintiff of his constitutional right. The prosecution by the Defendants constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendant continued with the prosecution, which were resolved in the Plaintiff's favor.

37. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

**FOURTH CAUSE OF ACTION**
**Conspiracy to Deprive Civil Rights**
**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments**

38. Plaintiff repeats and realleges by reference paragraphs 1 through 37 as if fully set forth herein.

39. Defendants Malki, John Doe, and Jane Doe officers conspired and jointly agreed to fabricate evidence and coordinate Plaintiff's unlawful arrest, constituting a meeting of the minds under § 1983.

40. Defendants arrested Plaintiff without probable cause, depriving him of liberty.

41. The acts of the Defendant, through its agents under color of state law, in arresting Plaintiff, were malicious, undertaken without lawful justification, taken with deliberate to Plaintiff's right, and were designed to, and did, cause specific harm to the Plaintiff in

6

violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

42. As a consequence of the Defendant's actions, the Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by the Defendants.

43. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

**FIFTH CAUSE OF ACTION**
**Due Process**

**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments**

44. Plaintiff repeats and realleges by reference paragraphs 1 through 43 as if fully set forth herein.

45. By their conduct, as described herein, and acting under color of state law, Defendants are liable to the Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

**SIXTH CAUSE OF ACTION**
**Equal Protection Under State Law**

**ARTICLE I, Section 11 of the New York State Constitution**

47.  Plaintiff repeats and realleges by reference paragraphs 1 through 60 as if fully set forth herein

48. The acts as Defendants, acting under color of law, in arresting the Plaintiff and in physically assaulting Plaintiff were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious harm and suffering to the Plaintiff in violation of his Constitutional rights to equal protection as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

49. The foregoing acts and conduct of the Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated her rights as guaranteed by the Constitution of the State of New York.

**SEVENTH CAUSE OF ACTION**
**False Arrest and False Imprisonment under State Law**
**Article I, Section 12 of the New York State Constitution**

50. Plaintiff repeats and realleges by reference paragraphs 1 through 50 as if fully set forth herein.

51. The acts of the Defendants, acting under the color of law, in subjecting Plaintiffs to unlawful search and seizure and arrest were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious harm and pain and suffering to the Plaintiff in violation of their Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

52. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the Constitution of the State of New York.

## EIGHTH CAUSE OF ACTION
## Monell Liability (City of New York)

53. Plaintiff repeats and re-alleges by reference paragraphs 1 through 53 as if fully set forth herein.

54. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights, which caused the violation of such rights.

55. Defendant's unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution

56. The constitutional abuses and violations by Defendant City of New York through the actions of the NYPD, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendant, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers and agents; and (c) to adequately and properly investigate citizen complaints of police misconduct, and , instead, acts of misconduct were tolerated by the City of New York.

57. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting individuals without reasonable suspicion or probable cause.

58. Defendant's unlawful actions were done willfully, knowingly and with specific intent to deprive Plaintiff of her constitutional right under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

59. Defendants have acted with deliberate indifference to the constitutional right of the Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused them to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

60. Plaintiff has no adequate remedy at law and will suffer serious irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

**NINTH CAUSE OF ACTION**
**Declaratory Relief (28 U.S.C. § 2201)**

61. Plaintiff seeks a declaration that Defendants' acts and policies violated his rights under the Fourth and Fourteenth Amendments and federal civil-rights statutes.

**DAMAGES**

62. As a direct result of Defendants' actions, Plaintiff suffered:

    a. Loss of business income and closure of *Karma Sutra NYC* ($50,000–$70,000 monthly);

    b. Loss of future earning capacity;

    c. Severe emotional distress and humiliation;

    d. Reoccurrence of PTSD;

    e. Damage to reputation and standing;

    f. Legal and out-of-pocket expenses.

63. For a Navy veteran who once swore to defend the Constitution, being falsely accused and arrested by those sworn to uphold it is a profound betrayal and source of lasting trauma.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    A. Compensatory damages in an amount to be determined, but not less than $250,000;

    B. Punitive damages against the individual Defendants only, for their willful and malicious conduct;

    C. Attorney's fees and costs under 42 U.S.C. § 1988;

    D. Declaratory relief finding Defendants' conduct unconstitutional;

    E. Injunctive relief directing Defendants and the NYPD to expunge and seal all records, photographs, and fingerprints relating to Plaintiff's arrest;

    F. Pre- and post-judgment interest; and

    G. Such other and further relief as the Court deems just and proper.

## RESERVATION OF RIGHT TO AMEND

Plaintiff reserves the right to amend this Complaint to identify John and Jane Doe Defendants by name and to include additional claims revealed through discovery.

Dated: January 30, 2026
      Westchester, New York

**VASQUEZ ATTORNEYS AT LAW, P.C.**

By: _____
**Jorge Luis Vasquez, Jr., Esq.**
Attorneys for Plaintiff Leroy Garcia

11

141 Parkway Road, Suite 14
Bronxville, NY 10708
(212) 752-8408 jorge@vasquezpc.com